IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAMPION MUGWENI, #36274-177, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:09-CV-2245-K |
| | § | (3:07-CR-0159-K) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Campion Mugweni ("Mugweni"), a federal prisoner, filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The Government filed a response and Mugweni filed a reply. For the reasons set out below, the § 2255 motion is denied.

### I. PROCEDURAL HISTORY

Mugweni pled guilty, pursuant to a written plea agreement, to the offense of Conspiracy to Defraud the Government with Respect to Claims in violation of 18 U.S.C. § 286 (first count of a three-count indictment). At sentencing, the Court granted the Government's motion for a downward departure based on Mugweni's substantial assistance, and sentenced him below the guideline range to 66 months' imprisonment, a three-year term of supervised released, and restitution in the amount of $1,965,367.00. *United States v. Mugweni*, 3:07-CR-159-K (N.D. Tex. Aug. 27, 2008). The Court also dismissed the remaining two counts in the indictment based on the Government's motion. Petitioner appealed. The United States Court of Appeals for the Fifth Circuit

dismissed the appeal as frivolous in light of counsel's brief under *Anders v. California*, 386 U.S. 738 (1967). *See United States v. Mugweni*, 333 Fed. Appx. 867 (5th Cir. 2009) (unpublished per curiam). Thereafter, the Court granted the Government's motion to reduce sentence for substantial assistance, and reduced Petitioner's sentence to 54 months' imprisonment.

In his timely § 2255 motion, Petitioner alleges various claims of ineffective assistance of counsel at trial and on appeal.

## II. <u>ANALYSIS</u>

Following conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)). Under 28 U.S.C. § 2255, a petitioner can collaterally challenge his conviction only on constitutional or jurisdictional grounds. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

To establish ineffective assistance of counsel, a petitioner must show both deficient performance by counsel and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This requires the petitioner to establish (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687-694. The Court need not address both

2

components if the petitioner makes an insufficient showing on one. *Id.* at 697.

In the context of a guilty plea, "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage." *Premo v. Moore,* 131 S.Ct. 733, 741 (2011). "[H]abeas courts must respect their limited role in determining whether there was manifest deficiency in light of information then available to counsel. *Id.* This is particularly important in the case of an early plea, where neither side may know with certainty the course the case may take. *Id.* at 742.

In addition to deficient performance, the petitioner must show prejudice – "whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The petitioner bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* He must show "reasonable probability that he would not have entered his plea but for his counsel's deficiency[.]" *Premo,* 131 S.Ct. at 744. "[H]indsight cannot suffice for relief when counsel's choices were reasonable and legitimate based on predictions of how the trial would proceed." *Id*. at 745.

A. <u>Failure to File Suppression Motion, Promised Guideline Range, and Voluntariness of Plea</u>

In the first ground, Petitioner alleges his plea counsel, Okey Akpom, rendered ineffective assistance when he failed to file a motion to suppress evidence found during

3

an illegal search of his office in March 2007.  Petitioner states that Allen Pride, the Government Case Agent who searched his office without a search warrant, relied on evidence seized from his office to obtain a search warrant for his residence where agents subsequently acquired the evidence that ultimately led to his indictment in this case. (Doc. 2 at 4-5.)  According to Mugweni, Mr. Akpom "refused to file a suppression Motion [sic] on the issue because . . . the Government had no evidence on the defendant and I would not do much time . . . he advised the defendant to cooperate with [the] government instead." (*Id.* at 5.)  In addition, Mugweni states Akpom "made defendant believe that his guideline range would be 6-12 months . . . refused to pursue a suppression hearing . . . [and] said lets [sic] not make the government angry." (*Id.*) Mugweni asserts that "[i]f Okay Akpom had filed this said motion [to suppress] the defendants [sic] case could have been dismissed . . . because all the allegation[s] brought against the defendant were first derived from the illegal search of [the] office space and the Government relied on the documents acquired in Mugweni's office . . . to acquire a search warrant of [sic] his apartment." (*Id.*)

A guilty plea ordinarily waives all nonjurisdictional defects, including ineffective assistance claims.  A petitioner, however, may raise ineffective assistance to the extent that it affected the voluntariness of his plea. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) (quoting *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir. 1983) ("once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a

defendant are waived," and the waiver "includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.").

1. Counsel's Failure to File Motion to Suppress

The Court addresses first Mugweni's assertion that counsel rendered constitutionally ineffective assistance when he failed to pursue a motion to supress.

This case is markedly different from *Cavitt*, 550 F.3d at 441, where the claimed ineffectiveness with respect to the motion to suppress was clearly related to the voluntariness of the petitioner's plea. Here, the 2255 pleadings, even when liberally construed, fail to establish that counsel's ineffectiveness in connection with the suppression motion affected the outcome of the plea process. Petitioner merely states that "[i]f Okay Akpom had filed this said motion [to suppress] the defendants [sic] case could have been dismissed[.]" (Doc. 2 at 5.) Nevertheless, in light of Petitioner's *pro se* status and for the sake of completeness, the Court will analyze Petitioner's claim that counsel rendered ineffective assistance in failing to file a motion to suppress. As noted in *Cavitt*, 550 F.3d at 435, the Court's analysis of counsel's purported ineffectiveness with respect to the motion to suppress necessarily involves an analysis of the underlying suppression claim.

Generally a warrantless search violates the Fourth Amendment unless an exception to the warrant requirement applies. *United States v. Vega*, 221 F.3d 789, 798

(5th Cir. 2000). One exception to the warrant requirement is consent to enter either from the person whose property is being searched, or from a third party who possesses common authority over the premises. *See Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990); *United States v. Matlock*, 415 U.S. 164, 170-71 (1974). Although a landlord generally lacks common authority to consent to a search of a tenant's premises, a tenant who abandons the property loses any reasonable expectation of privacy the tenant once had in the premises. *See United States v. Brazel*, 102 F.3d 1120, 1148 (11th Cir. 1997). Even when a landlord's consent to enter a tenant's residence is invalid, there is no Fourth Amendment violation if the officer had an objectively reasonable, although mistaken, good-faith belief that the consent to search was valid. *See Illinois v. Rodriguez*, 497 U.S. 177, 186-89 (1990).

On March 16, 2007, Allen Pride had reasonable, good-faith belief, even if it was mistaken, that Mugweni had abandoned his office and, thus, had no expectation of privacy in the property remaining there. (Doc. 6 at 11–12, ID 0009-00010.) The rent on Mugweni's office, originally due on March 1, 2007, was sixteen days overdue, and the landlord had changed the locks to the office suite six days earlier, on March 10, 2007. (*Id.*) In addition, the landlord had no idea where Mugweni was – if he had returned to Zimbabwe or was still in this country. (*Id.*) According to the landlord, Mugweni had not returned any of the several phone calls that he had made to him. (*Id.*) Having no indication that Mugweni intended to return to his office, the landlord

6

planned to clean it out after the search, so that it could be leased to a new tenant. (*Id.*)

In his reply and brief in support of the § 2255 motion, Mugweni asserts that he had not abandoned his office and, thus, retained an expectation of privacy in his property. (Doc. 2 at 5-6, Doc. 7 at 6-7.) His allegations, however, are conclusory at best and wholly unsupported. He merely states that he routinely paid his rent payment late along with associated late payment fines, and that the landlord had changed the locks to his office on numerous prior occasions. (*Id.*) In addition, Mugweni concedes that he had stopped opening his office on a regular basis, allegedly due to break-ins, and had removed his computers and 2007 files. (*Id.*) The fact that Mugweni had left office furniture (that he puts a value on of $10,000), personal items, and previous-year tax files, is insufficient in-and-of-itself to establish that he still retained a reasonable expectation of privacy in his office. (*Id.*) Moreover, while Mugweni claims (in the brief in support of his § 2255 motion) that he continued to meet clients by appointment at his office, he fails to provide detailed information of when he attempted to return, or actually returned to his office. (Doc. 2 at 6.)

The Government correctly notes that for Fourth Amendment purposes, abandonment is not evaluated "in the strict property-right sense." *United States v. Edwards*, 441 F.2d 749, 753 (5th Cir. 1971). As such, contrary to Mugweni's assertion, it is immaterial whether the landlord had taken any steps to evict him under Texas property law. (Doc. 7 at 6-7.) Rather, the Court must determine whether Mugweni had

7

relinquished a reasonable expectation of privacy in his office, so that the search and seizure was valid.

Under the facts summarized above, the Court concludes that Mugweni had abandoned his office and property, and that Special Agent Pride had an objectively reasonable, good-faith belief, even if it was mistaken, that the landlord's consent to search Mugweni's office was good. In light of this, a motion to suppress evidence seized during the search of Mugweni's office would likely have been denied. Because counsel did not err in failing to pursue a motion to suppress the seized evidence, Petitioner cannot establish that his representation fell below an objective standard of reasonableness.

Moreover, Petitioner cannot establish prejudice. Mugweni has neither alleged, much less demonstrated, that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. "A defendant who accepts a plea bargain on counsel's advice does not necessarily suffer prejudice when his counsel fails to seek suppression of evidence, even if it would be reversible error for the court to admit that evidence." *Premo v. More,* 131 S.Ct. 733, 744. The record reflects Petitioner derived great benefit from his early guilty plea. Through the plea bargain, facilitated by defense counsel, Mugweni was convicted of only one count (Conspiracy to Defraud the Government with Respect to Claims). He ultimately received only a fifty-four-month sentence, benefitting greatly from the

Government's two motions for downward departure. If Petitioner had pled guilty or been convicted of Count 2 or 3 of the Indictment, his guideline range would have been at least 135 to 165 months. *See* Presentence Report (PSR) ¶ 56. Therefore, Petitioner's claim that counsel rendered ineffective assistance in failing to file a motion to suppress fails.

    2. Promised Guideline Range

Next Petitioner asserts counsel led him to believe the guideline range would be 6 to 12 months to induce him to plead guilty. Petitioner's own statements under oath at his rearraignment hearing refute his assertion that counsel advised him the guideline range would be between 6 to 12 months. At the rearraignment hearing, the magistrate judge warned Mugweni not to depend or rely upon any statement or assurance regarding the sentence that he would received because only the District Judge could decide his sentence based on the facts set out in the PSR and the factual resume. *See* Rearraignment Tr. at 6-7. Before accepting his plea, the magistrate judge again admonished Petitioner that his guilty plea must not be induced or prompted by any promises or pressure of any kind. *Id.* at 10. When the magistrate judge asked Petitioner whether anyone had made any promises or assurances to him in an effort to induce his guilty plea, he replied in the negative. *Id.* at 10 and 13. Because Petitioner's allegations are inconsistent with the record, the Court finds that counsel made no promise to induce Petitioner's guilty plea. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)

9

(quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.'"); *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985) ("Ordinarily a defendant will not be heard to refute his testimony given under oath.").

In any event, Petitioner was not prejudiced by any comments or predictions made by his defense counsel. At his rearraignment hearing, the magistrate judge specifically warned Petitioner that the maximum sentence would be a term of imprisonment of no more than ten years. *See* Rearraignment Tr. at 15. The magistrate judge also warned Petitioner that his sentence would be decided by the District Court based on the facts in the PSR and the factual resume. *Id.* at 6. Therefore, Petitioner's claim of ineffective assistance of counsel with respect to the promised guideline range lacks merit.

In summary, the Court concludes that Petitioner's guilty plea was knowing and voluntary and that counsel did not render constitutionally ineffective assistance during the plea proceedings. Accordingly, the first ground is denied.

B.     *Brady* Violation

In the second ground, Mugweni states counsel rendered ineffective assistance because he failed to notify the Court of a *Brady* violation when the Government did not disclose the intended loss amount before his guilty plea. Petitioner asserts the Government had the evidence available prior to the indictment and purposefully failed

to disclose it, although he had submitted a formal discovery request asking for that information. Before sentencing, the Court denied Mugweni's *pro se* Notice of Brady Violation (Doc. 38). *See* Order filed Feb. 18, 2008, in No. 3:07-CR-159-K (Doc. 41).

To establish a violation under *Brady v. Maryland*, 373 U.S. 83 (1963), "'a defendant must show that (1) evidence was suppressed; (2) the suppressed evidence was favorable to the defense; and (3) the suppressed evidence was material to either guilt or punishment.'" *United States v. Garcia,* 567 F.3d 721, 735 (5th Cir.) (quoted cases omitted), *cert. denied*, 130 S. Ct. 303 (2009). "'Evidence is material under *Brady* when there is a 'reasonable probability' that the outcome of the trial would have been different if the suppressed evidence had been disclosed to the defendant.'" *Id.*

Mugweni's reliance on *Brady* is patently frivolous. The Government did not withhold any evidence favorable to the defense. The intended loss amount was properly determined when the U.S. Probation Office prepared the PSR. At his rearraignment, the magistrate judge specifically advised Mugweni that Probation would prepare the PSR following his guilty plea, and that the Court would determine his sentence in its sole discretion after considering the U.S. Sentencing Guidelines and the PSR. *See* Rearraignment Tr. at 6-7; and Plea Agreement ¶ 4. It follows that counsel did not render deficient representation as to any *Brady* claim. Clearly defense counsel is not required to raise a frivolous objection. *See United States v. Preston,* 209 F.3d 783, 785 (5th Cir. 2000) (citing *Green v. Johnson,* 160 F.3d 1029, 1037 (5th Cir. 1998) ("[F]ailure to make

11

a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness...."). Accordingly, the second ground is without merit.

C.     Vienna Convention

In the third ground, Petitioner asserts counsel rendered ineffective assistance in failing to advise him of his rights under the Vienna Convention.

> Article 36 of the Vienna Convention provides that when authorities arrest a foreign national he has the right to contact his consulate and that the government must inform the arrestee of that right. When a foreign national is detained, Article 36 imposes three obligations on the arresting authority. The law enforcement agency must: "(1) inform the consulate of a foreign national's arrest or detention without delay; (2) forward communications from a detained national to the consulate without delay; and (3) inform a detained foreign national of his rights under Article 36 without delay." In addition to providing a "cultural bridge" between the foreign detainee and the American legal system, the consulate may also "conduct its own investigations, file amicus briefs and even intervene directly in a proceeding if it deems that necessary."

*Sandoval v. United States*, 574 F.3d 847, 850-851 (7th Cir. 2009) (quoted cases omitted). *See also Cardenas v. Dretke*, 405 F.3d 244, 251 (5th Cir. 2005) (citing Vienna Convention on Consular Relations, April 24, 1963, art. 36, 21 U.S.T. 77, 596 U.N.T.S. 261).

Assuming without deciding that counsel's failure to inform him personally of his right to consular assistance constituted deficient representation, Mugweni cannot show prejudice. His allegations, even when liberally construed, do not "show a realistic prospect of consular assistance." *Sandoval*, 574 F.3d at 851. Petitioner merely asserts that "if [a] consular was involved they [sic] could have helped him collect evidence from . . . conspirators mentioned in the [PSR] and provided travel documents that would have

12

discredited the [PSR] and could have reduced his sentence by 4 levels for been [sic] a leader . . . ." (Doc. 7 at 7.) Yet, at sentencing, Mugweni's father presented evidence and testimony that Eddy Mugweni, Petitioner's uncle, was in the Dallas Fort Worth area while the fraud scheme was on-going, and that he fled to Zimbabwe to avoid being indicted. *See* Sentencing Tr. at 15-17, and 21-23. Mugweni does not suggest, much less prove, what evidence if any the Consulate of Zimbabwe could have provided in addition to his father's testimony. In any event, under the Sentencing Guidelines "[t]here can . . . be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy." USSG Manual § 3B1.1 comt. n. 4. Having failed to satisfy the prejudice prong of the *Strickland* test, Mugweni is not entitled to relief on this ground. *See United States v. Madrigales-Reyes*, 2009 WL 2581566, at *10 (S.D. Tex. 2009) (denying ineffective assistance claim based on counsel's failure to advise about rights under Vienna Convention because petitioner could not establish prejudice, namely that the outcome of his case would have been any different).

D.  Deportable Alien Status and Conditions of Confinement

In his fourth ground, Mugweni contends counsel rendered ineffective assistance in connection with his status as a deportable alien, which he claims affected the length of his sentence as well as the conditions of his confinement.

During sentencing, defense counsel advised the Court of Mugweni's status as a deportable alien, including his ineligibility for the alcohol treatment and the halfway

13

house/home detention programs. *See* Sentencing Tr. at 41-42; Sentencing Mem. (attached to PSR) at 1. In addition, counsel requested that the court consider Mugweni's alienage in assessing a reasonable sentence. *Id.* Petitioner's unsupported allegations to the contrary are rejected.

Nevertheless, even assuming deficient representation, this was not an extraordinary case which would have warranted a downward departure because of Mugweni's status as a deportable alien. *See United States v. Garay,* 235 F.3d 230, 232-33 & n. 8 (5th Cir. 2000) (deportable alien status in and of itself is insufficient to justify lower sentence absent extraordinary circumstances, which are "highly infrequent "); *United States v. Foote,* 2001 WL 671465, at 3-4 (N.D.Tex. 2001) (rejecting § 2255 claim that counsel should have moved for downward departure because case was not extraordinary). Therefore, Mugweni cannot show prejudice as a result of counsel's alleged deficient performance at sentencing. *See Glover v. United States,* 531 U.S. 198, 200, 203-04 (2001) (to establish prejudice in the context of ineffective assistance at sentencing, the petitioner must demonstrate that the sentence was increased by the deficient performance of defense counsel); *United States v. Jimenez-Moreno,* 2008 WL 2937748, at 9 (S.D. Tex. 2008) (failure to show extraordinary circumstances warranting downward departure in light of alien status justified denial of ineffective assistance of counsel claim). The fourth ground is denied.

To the extent, Mugweni seeks to challenge the conditions of his confinement, at

the Adams County Correctional Center in Washington, Mississippi, his claim is not cognizable in this § 2255 motion. According to Mugweni, the Adams County Correctional Center is a private facility built much like a maximum security facility to house federal inmates who will be subject to deportation upon completion of their sentence. He asserts that the conditions of confinement at the Adams County Correctional Center "would be deemed unacceptable for low-security federal inmates who are citizens." (Doc. 7 at 18-19.)

Attacks on the conditions of confinement are not cognizable in a habeas petition. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). Accordingly, any claim relating to Petitioner's conditions of confinement is dismissed without prejudice to it being alleged in a separate civil rights action.

E.  Appellate Counsel

Lastly, Mugweni claims that his appellate counsel failed to raise meritorious issues on appeal addressing the sale of his property, the restitution order, and the enhancement of his sentence based on the number of victims and his role as an organizer or leader in the offense. He argues that counsel's decision to file an *Anders* brief, instead of arguing the above issues in a merits brief, denied him the opportunity to challenge on appeal issues that were not part of the plea agreement.

When a petitioner asserts that appellate counsel erroneously failed to file a merits

brief, he can satisfy the first part of the *Strickland* test by showing that a reasonably competent attorney would have found that at least one of his claims presented a non-frivolous issue. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). If the petitioner can make such a showing, he then must demonstrate prejudice, namely that there is "a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal." *Id.*

Petitioner cannot make either of the above showing. Contrary to his allegations, all the claims that he contends should have been raised on direct appeal were waived under the terms of the plea agreement. Mugweni reserved only the right to bring a direct appeal "of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing." Plea agreement at ¶ 11; Rearraignment Tr. at 12. As such counsel did not have a nonfrivolous issue that warranted a merits brief.

In addition, the post-judgment sale of Mugweni's vehicles did not raise any nonfrivolous issue for appeal. The Court granted the Government's motion to sell Mugweni's vehicles to pay the large debt owed in the criminal case. *See* Order filed on Oct. 9, 2008, in No. 3:07-CR-159-K (Doc. 71). Shortly thereafter, the Court dismissed the civil forfeiture action on the Government's motion because the vehicles had been sold to pay the criminal debt. *See United States v. 2005 Hummer H2, et al.*, No. 3:07-CV-1684 (N.D. Tex. Oct. 18, 2008), *appeal dism. as frivolous*, No. 08-11036 (2009).

Accordingly, Mugweni cannot show that appellate counsel rendered

constitutionally ineffective assistance. His fifth ground is denied.

### III. CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is DENIED. Any claim relating to Petitioner's conditions of confinement is DISMISSED without prejudice to it being alleged in a separate civil rights action.

Signed this 10th day of February, 2011.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE